IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTONIO ALEJANDRO GARCIA MORAO,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>    Defendants. | **MEMORANDUM AND ORDER DENYING WITHOUT PREJUDICE EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:26-cv-00087-AMA<br><br>District Judge Ann Marie McIff Allen |

This matter comes before the Court on Plaintiff Antonio Alejandro Garcia Morao's ex parte Emergency Motion for Temporary Restraining Order.[1] In this Motion, Plaintiff asks the Court to enjoin Defendants from proceeding with removal hearings, issuing removal orders, or taking enforcement action that would interfere with the adjudication of Plaintiff's pending Form I-485 application during the pendency of this action. For the reasons below, the Court will deny Plaintiff's Motion without prejudice.

### DISCUSSION

"Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'"[2] Because it is such a "drastic remed[y]—the exception rather than the rule—plaintiffs must show that they are clearly

---

[1] ECF No. 2, filed February 3, 2026.

[2] *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah Oct. 9, 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

and unequivocally entitled to relief."[3] Under Rule 65(b) of the Federal Rules of Civil Procedure, the Court may issue a temporary restraining order without notice to the adverse parties or their attorneys *only* if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse part[ies] can be heard in opposition[,]" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[4]

Plaintiff's Motion does not comply with Rule 65(b). Plaintiff's Complaint is not verified, and there are no supporting affidavits attached to the Motion. Plaintiff's Motion also does not indicate—and his attorney does not certify in writing—that any efforts to give notice to Defendants have been made nor does it explain why notice should not be required.

Furthermore, an ex parte temporary restraining order is "reserved for circumstances where the applicant would face immediate and irreparable harm if the court waited for the preliminary injunction proceeding."[5] To obtain such relief, a party must show that (1) he "is substantially likely to succeed on the merits;" (2) he "will suffer irreparable injury if the injunction is denied'" (3) his "threatened injury outweighs the injury the opposing party will suffer under the injunction;" and (4) "the injunction would not be adverse to the public interest."[6] "The likelihood-of-success and irreparable-harm factors are 'the most critical' in the analysis."[7]

---

[3] *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 606148, at *3 (D. Kan. Dec. 5, 2011) (citing *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2010)).

[4] Fed. R. Civ. P. 56(b).

[5] *Geiger v. Epsy*, 885 F. Supp. 231, 232 (D. Kan. 1995).

[6] *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016).

[7] *Legacy Church, Inc. v. Kunkel*, 455 F. Supp. 3d 1100, 1132 (D.N.M. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

"It is insufficient . . . that a moving party demonstrate that there is only a 'possibility' of either success on the merits or irreparable harm."[8] Here, Plaintiff has not met his "heightened burden to show [he] is likely to prevail on the merits and that [he] would be irreparably harmed if the [temporary restraining order] is denied."[9]

With regard to the likelihood of success on the merits, Plaintiff's Motion raises questions related to this Court's jurisdiction to review Plaintiff's claims. For example, while it does not appear the Tenth Circuit has yet addressed the issue, the Eleventh, Eighth, Fifth, and Third Circuits have held "that [8 U.S.C.] § 1252(a)(2)(B)(ii) precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications."[10] The Court makes no comment as to how it would resolve these jurisdictional questions but finds that it would be unwise to attempt to do so without adversarial briefing. Moreover, the complexity of these questions makes it difficult for the Court to conclude at this point that Plaintiff has shown a likelihood of success on the merits.

Even assuming the Court has jurisdiction, Plaintiff seeks relief under § 706 of the Administrative Procedures Act, which allows a court to compel agency action that the agency has "unlawfully withheld or unreasonably delayed."[11] To determine whether an unreasonable

---

[8] *Id*. (citing *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276 (10th Cir. 2016)).

[9] *Tickets for Less, LLC v. Cypress Media, LLC*, No. 20-2047-JAR-GEB, 2020 WL 528449, at *4 (D. Kan. Feb. 3, 2020).

[10] *Kanapuram v. Dir., US Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1306–07 (11th Cir. 2025); *see also Thigulla v. Jaddou*, 94 F.4th 770, 777–78 (8th Cir. 2024); *Cheejati v. Blinken*, 106 F.4th 388, 394–96 (5th Cir. 2024); *Geda v. Dir., US Citizenship & Immigr. Servs.*, 126 F.4th 835, 845–47 (3rd Cir. 2025). 8 U.S.C. § 1252(a)(2)(B)(ii) provides in relevant part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . ."

[11] 5 U.S.C. § 706(1); *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 62 (2004).

delay has occurred, the Court must consider "(1) the extent of the delay, (2) the reasonableness of the delay in the context of the legislation authorizing agency action, (3) the consequences of the delay, and (4) administrative difficulties bearing on the agency's ability to resolve an issue."[12] At present, the Court lacks information necessary to weigh these factors. Plaintiff does not make clear exactly how long his I-485 application has been processing, and without a response from Defendants, the Court cannot determine what administrative difficulties bear on the agency's ability to resolve the issue. Thus, again, the Court cannot conclude at this juncture that Plaintiff has met his burden in showing a likelihood of success on the merits.

With regard to immediate and irreparable harm, Plaintiff also falls short of his burden. Plaintiff has been in immigration detention, and his immigration removal proceedings have been pending, since late September of 2025.[13] It is unclear to the Court why emergency relief enjoining the removal proceedings is necessary now when it seemingly was not necessary over the past several months. There is no indication that Plaintiff's immigration removal proceedings are wrapping up such that Plaintiff will imminently be subject to a removal order. Thus, it does not appear to the Court that any sufficiently immediate irreparable harm justifying this relief will occur to Plaintiff before Defendants can be heard in opposition.

Overall, because Plaintiff has failed to comply with Rule 65(b) and has not shown at this time a likelihood of success on the merits or immediate and irreparable harm, the Court denies Plaintiff's Motion without prejudice. If circumstances materially alter before, or once, Defendants have been properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure, Plaintiff may renew his request.

---

[12] *Qwest Commc'n Intern., Inc. v. F.C.C.*, 398 F.3d 1222, 1239 (10th Cir. 2005).

[13] *See* ECF No. 1 ¶ 27.

## **ORDER**

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 2).

DATED this 4th day of February 2026.   BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge